23-7598
*Astacio, et al. v. City of New York, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand twenty-five.

PRESENT:
> DENNY CHIN,
> BETH ROBINSON,
> ALISON J. NATHAN,
> > *Circuit Judges.*

_____

DOLORES ASTACIO, KINETTA BERRY, PETERLYNN JAMES, ADRIAN SALAS, Individually and on Behalf of All Others Similarly Situated,

> *Plaintiffs-Appellants*,

> v.                                                     No. 23-7598

THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT, LOUISE CARROLL,

> *Defendants-Appellees.*

_____

FOR APPELLANTS:

MIREL FISCH, the Law Office of Mirel Fisch, Brooklyn, NY (Dennis J. Kelly, Kelly & Grossman, LLP, West Islip, NY, *on the brief*).

FOR APPELLEES:

DIANA LAWLESS, Assistant Corporation Counsel (Richard Dearing, Ingrid Gustafason, Assistant Corporation Counsels *on the brief*), *for* Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Vitaliano, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on September 29, 2023, is **AFFIRMED**.

Plaintiffs Dolores Astacio, Kinetta Berry, Peterlynn James, and Adrian Salas (collectively "Plaintiffs") appeal the district court's judgment dismissing their complaint against Defendants the City of New York, New York City Department of Housing Preservation and Development ("HPD"), and Louise Carroll in her official capacity (collectively "Defendants" or "the City") because they failed to plausibly allege a claim under 42 U.S.C. § 1983.[1] We assume the

---

[1] Because Plaintiffs sued Carroll in her official capacity as Commissioner of HPD, we treat their claims against her as synonymous with their claims against HPD and the City of New York. *See*

parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

The Mitchell-Lama housing program aims to provide affordable housing to moderate-income families in New York. Essentially, private housing companies agree to abide by rules regarding rent, profit, disposition of property, and tenant selection in exchange for government subsidies like tax exemptions and low-interest government mortgage loans. *See* N.Y. Priv. Hous. Fin. L. Art. II. HPD administers the Mitchell-Lama program in New York City and oversees all the program's housing complexes. HPD has also enacted regulations governing the program. *See* Title 28, Rules of the City of New York ("RCNY"), Ch. 3. Because of the high demand for Mitchell-Lama units, housing companies must maintain a waiting list for each apartment size in its development. 28 RCNY 3-02(h). HPD regulates both the housing companies' maintenance of the waiting list and the process by which applicants on the waiting list receive offers. *See id.* 3-02(h)(3);(8). The waiting lists themselves, however, are maintained by "managing agents" who are hired by the housing companies. 28 RCNY § 3-16(e)(6).

---

*Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").

Despite HPD's regulations, housing companies have not consistently complied with the Mitchell-Lama program rules. In 2005, 2008, and 2015, the State and City Comptrollers conducted various audits of the Mitchell-Lama program. Each of the audits found discrepancies in compliance with the Mitchell-Lama regulations. The 2008 City audit specifically investigated "the adequacy of the monitoring and supervision of the award, transfer, and succession of apartments at Mitchell-Lama developments." App'x at 18–19 ¶ 55. The audit found that "there is a greater than reasonable risk that improprieties and irregularities in the granting and occupancy of apartments at Mitchell-Lama developments could occur and go undetected and uncorrected," and recommended that HPD take several steps to ensure compliance with the regulations, including periodic reviews of vacancy reports, waiting lists, and rent rolls. *Id.* at 19–20 ¶¶ 59, 63-64. HPD did not implement these recommendations. Years later, the State Comptroller's 2015 audit revealed more discrepancies. HPD's internal audits from 2012-2017 also confirmed these discrepancies.

Each of the named plaintiffs applied for an apartment at a Mitchell-Lama complex, paid the required application fee, and was placed on the waiting list. Each named plaintiff was subsequently removed from the waiting list because

4

the relevant housing company claimed that they either did not pay the required fee, or did not respond to a notice informing them of apartment availability. Plaintiffs allege that the housing companies erroneously removed them from their respective waiting lists.

As a result, Astacio, Salas, James, and Berry brought a class action under 42 U.S.C. § 1983 alleging that the City, HPD, and its commissioner were deliberately indifferent to the deprivation of applicants' due process rights. On Defendants' motion, the district court dismissed Plaintiffs' claims for failure to allege state action. *Astacio v. City of New York*, 698 F. Supp. 3d 530, 537 (E.D.N.Y. 2023).

On appeal, Plaintiffs emphasize that they are not only challenging the *housing companies*' conduct, but are also challenging *the City's* deliberate indifference to the violations of their rights. They allege that HPD was deliberately indifferent by failing to act despite its knowledge of internal and external audits documenting its failure to properly manage the housing companies. This deliberate indifference, Plaintiffs contend, increased the likelihood that an applicant would be improperly removed from the waiting list without notice or an opportunity to be heard.

5

Generally, to maintain a § 1983 action against a municipal defendant, a plaintiff must identify an official policy or custom that violates the plaintiff's constitutional or statutory rights. *See Monell v. Department of Social Services*, 436 U.S. 658, 690–91 (1978). The Supreme Court has recognized a narrow exception for § 1983 claims "based not on affirmative conduct but on a government official's failure to act." *Reynolds v. Giuliani*, 506 F.3d 183, 191 (2d Cir. 2007) (citing *City of Canton v. Harris*, 489 U.S. 378, 387–92 (1989)).[2] "Specifically, *Monell*'s policy or custom requirement is satisfied where a local government is faced with a pattern of misconduct and does nothing, compelling the conclusion that the local government has acquiesced in or tacitly authorized" the conduct. *Id.* at 192.

To sufficiently plead that HPD's failure to act amounts to deliberate indifference, Plaintiffs must plausibly allege that HPD should have known that its inadequate supervision of the housing companies "was so likely to result" in Plaintiffs' erroneous removal from the waiting lists that it constitutes deliberate indifference. *Id.* at 193. Moreover, Plaintiffs must "identify obvious and severe

---

[2] In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

deficiencies in the . . . defendants' supervision that reflect a purposeful rather than negligent course of action." *Id.* And Plaintiffs must plausibly allege "a causal relationship" between HPD's failure to supervise the housing companies and the alleged deprivations of Plaintiffs' rights. *Id.*

When reviewing a motion to dismiss a complaint, we must accept the factual allegations as true, and all reasonable inferences must be drawn in favor of the plaintiff. *Walker v. City of New York*, 974 F.2d 293, 298 (2d Cir. 1992); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Assuming without deciding that the Plaintiffs have sufficiently alleged a constitutionally protected property interest, their allegations are not sufficient to support the conclusion that the City acted with deliberate indifference. The 2008 audit report that Plaintiffs rely on supports the conclusion that there was a "greater than reasonable risk that improprieties and irregularities" could occur. App'x at 19 ¶ 59. But that does not support a conclusion that the HPD should have known that its failure to act would "frequently cause" a deprivation of applicants' due process rights. *Walker*, 974 F.2d at 297–98. And the cited findings from the 2008 audit report did not put HPD on notice that the erroneous removal of applicants from the waiting list "was so likely to result" from HPD's inaction as to render their inaction

7

deliberately indifferent. *Reynolds*, 506 F.3d at 193. At most, these allegations are sufficient to conclude that the City was negligent. *See, e.g., Amnesty America v. Town of West Hartford*, 361 F.3d 113, 128 (2d Cir. 2004) (concluding there can be no municipal liability unless "a policymaking official had notice of a potentially serious problem of unconstitutional conduct, such that the need for corrective action or supervision was obvious, and the policymaker's failure to investigate or rectify the situation evidences deliberate indifference, rather than mere negligence or bureaucratic inaction").

Because Plaintiffs have not plausibly alleged that Defendants acted with deliberate indifference, their § 1983 claim fails. *See City of Canton*, 489 U.S. at 388 (holding that a municipality can be liable only "where the failure to train amounts to deliberate indifference").

We likewise reject Plaintiffs' argument that because, Plaintiffs contend, the housing companies are state actors, the actions of the housing companies are attributable to the City. This suit is solely against *the City*, not the *housing companies*. Claims against the City must be based on the City's own conduct, as set forth above; they cannot be based on a theory of vicarious liability. *See Monell*, 436 U.S. at 691 (explaining that § 1983 claims against a municipality for

8

declaratory or injunctive relief or money damages cannot be based on vicarious liability for an employee's conduct). For that reason, we need not decide in this appeal whether the housing companies may qualify as state actors.

We have considered Plaintiffs remaining arguments and conclude that they lack merit.

* * *

Accordingly, the District Court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court